IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

FREDERICK G. KRIEMELMEYER,

                Defendant.

ORDER

3:07-cr-00052-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Minutes before his sentencing hearing, at which he received a copy of the November 19, 2007 order denying his motions numbered 94-98, 100 and 102, defendant filed eight new documents raising frivolous issues similar to those addressed in the prior motions. I have reviewed the new documents, ##104-112, most of which are titled "demand," and see nothing in them that requires extended discussion. (In a ninth document, dkt. #112, titled "Notice of Entry into this Case," signed by Robert James Fox, Fox sought recognition to speak on behalf of defendant and provide him "meaningful and effective assistance of counsel." This "notice" was treated as a motion and denied at the sentencing hearing because Fox offered no evidence that he had any legal training that would qualify him to represent a defendant in this court.)

1

In document #104, defendant advances the meritless position that the affidavits he mailed on October 19, 2007 stand as undisputed facts because the affidavits were never contested despite the written warning to the recipients that their silence would stand as consent to the factual declarations in the affidavits.  Defendant cites no law or rule that would support his position.

In document #105, defendant seeks a new trial on the ground that the proceedings against him were a sham and he was denied the assistance of legal counsel.  The trial was not a sham, as the record shows, and he was not denied legal counsel, as explained in the November 19 order.

In document #106, defendant moves to quash the proceedings against him on the ground that officers of the court acted in a criminal conspiracy to take his property (in the form of fingerprints and photographs) by force or threat of physical violence and that the Internal Revenue Service is a "psychoterrorist" organization.  In document #107, he moves to quash his conviction because he was denied due process and equal protection when his fingerprints and photographs were taken from him without notice and an opportunity to be heard, when the court granted the government's motions in limine to preclude him from arguing to the jury that he was denied assistance of counsel and from discussing reasonable doubt with the jury.  He contends also that he was denied due process and equal protection when the government failed to give him its witness list in advance of trial so that he would

2

have a chance to question witnesses in advance and seek appropriate witnesses to rebut the testimony of the government's witnesses and when the court instructed the jury about the legal definition of certain key words. These documents raise no issues on which defendant could prevail. It is well settled that a defendant may not try to define reasonable doubt, that he is not entitled to the return of his photograph or fingerprints, that he has no right to obtain the government's witness list in advance of trial, that he may not argue the reasons for the denial of assistance of counsel to the jury and that it is the court's job to define legal terms.

In document #108, defendant seeks to quash his indictment and conviction because officers of the court acted in collusion as unregistered foreign agents. This allegation is too implausible to require comment.

In document #109, defendant moves to quash his conviction on the ground that the Department of Justice lacked jurisdiction to bring the proceeding against him. It is not clear why defendant thinks this is true; he suggests no reason. However, he does include a list from the U.S. Attorney Manual of some tax-related crimes that the department is responsible for prosecuting. He may be saying that the department lacks jurisdiction because this provision does not list filing false income tax returns in violation of 26 U.S.C. § 7206(1). If this is so, he is confused. The United States Attorney has clear authority to prosecute acts in violation of § 7206.

3

In document #110, defendant moves to quash his conviction for yet another baseless reason: lack of territorial jurisdiction.  It is beyond question that the United States has jurisdiction to bring prosecutions for false income tax returns within this judicial district.

In document #111, defendant moves to quash his conviction on the ground that the United States District Court is not the proper forum for his case.  He bases this on a unique theory that 18 U.S.C. § 3231 grants original jurisdiction to the "courts of the United States," but does not mention the "United States District Courts."  Spinning out his point, he asserts that under the principle that inclusion of one is the exclusion of others, this means that the United States District Courts have no jurisdiction over criminal proceedings.  I will not dignify this proposition by any further discussion.

For a person who refuses to pay his rightful share of taxes, defendant is adept at demanding more than his fair share of attention from the judicial system.  Enough is enough. If defendant files any further motions of the type discussed in this order and the order entered on November 19, 2007, the papers will be placed in a file but will not be the subject of a written order.  Defendant's proceedings in this court have been concluded.

ORDER

IT IS ORDERED that the demands and notice filed by defendant Frederick George Kriemelmeyer  ("notice of res judicata juris et de jure in pais," dkt. #104; demand for new

4

n/a
n/a
n/a
n/a

trial, dkt. #105; "demand to quash due to 7th Amendment conflict of interest," dkt. #106; "demand to quash regarding motion in limine," dkt. #107; "demand to quash due to criminals in criminal enterprise," dkt. #108; "demand to quash for lack of DOJ authority," dkt. #109; "demand to quash for lack of territorial jurisdiction," dkt. #110; "demand to quash as USDC is not the proper forum," dkt. #111) are DENIED as without legal merit.

FURTHER, IT IS ORDERED that the court will not entertain any additional filings attacking defendant's indictment, conviction or sentence while his defendant's appeal of his conviction and sentence is pending.

Entered this 20th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5