IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                     ORDER

            Plaintiff,

                     07-CR-0052-C

      v.

FREDERICK G. KRIEMELMEYER,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Frederick G. Kriemelmeyer has filed a document titled "Petition for Writ of Error Coram Nobis," dkt. #134, pursuant to 28 U.S.C. § 1651.  In a January 28, 2009 order, I advised defendant that the remedy of coram nobis is available only to persons who are no longer subject to any form of custody, and because defendant is still in custody he is ineligible to challenge his conviction by way of a petition for a writ of error coram nobis.  I characterized his motion as one for modification of sentence under 28 U.S.C. § 2255, as I am required to do under Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). Because in most cases a defendant has only one opportunity to file a § 2255 motion, I gave defendant until February 23, 2009, to state whether he wishes to withdraw his motion, proceed with it as is or revise it to include additional claims.

1

Now defendant has filed his response to the January 28, 2009 order, indicating that he wishes to proceed with the motion as is, but continues to characterize it as a petition for a writ of error coram nobis. Also, he has filed a document titled "Petition for Writ of Habeas Corpus for Cease and Desist Order," in which he asks the court to enjoin Federal Medical Center-Rochester officials from unlawfully withdrawing funds from his inmate account, for the funds previously withdrawn to be redeposited and for an order declaring that prison officials violated his rights by coercing him into signing an agreement to allow withdrawal of restitution payments from his prison account. I will deny all of these requests.

In defendant's response to the January 28, 2009 order, he insists that his motion should be treated as a petition for a writ of error coram nobis despite the fact that he is still in custody. I take this to mean that he wishes the court to consider his challenge to his conviction, whether it is titled a petition for a writ of error coram nobis or a motion under § 2255.

Insofar as defendant continues to argue that this court can consider his challenge to his conviction in a petition for a writ of error coram nobis, he fails to convince me that the reasoning in the January 28, 2009 order is incorrect. His response is difficult to follow; it consists of numbered paragraphs quoting federal cases in which courts discuss writs of error coram nobis. Some of the cases quoted by defendant appear to support his position that the writ of error coram nobis is available to those remaining in custody. E.g., United States v.

2

<u>Dawes</u>, 895 F.2d 1581, 1582 (10th Cir. 1990); <u>United States v. Golden</u>, 854 F.2d 31, 32 (3d Cir. 1988).  However, all of these cases are from other circuits and have no bearing on the Seventh Circuit's standard that writs of error coram nobis are not available to those in custody.  <u>Owens v. Boyd</u>, 235 F.3d 356, 360 (7th Cir. 2000) ("writs in the nature of coram nobis are limited to former prisoners"); <u>United States v. Keane</u>, 852 F.2d 199, 203 (7th Cir. 1988).

Regardless of the label defendant wishes to place on his challenge to his conviction, he has chosen to continue with the challenge even after he was warned that it is properly characterized as one under 28 U.S.C. § 2255 and was given a chance to withdraw the motion, proceed with it as is, or amend it.  Therefore, I will consider his challenge as having been raised in a motion under § 2255.  After examining the motion, I find that defendant has failed to show that his conviction is invalid in any respect.  He argues that his "practice of dentistry is an occupation of common right and as such [is] not taxable" and that he has never been involved in a "trade or business" or had "self-employment income" as those terms are defined in the Internal Revenue Code.  There arguments are legally frivolous as well as at odds factually with the evidence introduced at his trial, which indicated that he had lied about the taxable income he received.  Therefore, defendant's challenge to his conviction under § 2255 will be denied.  Defendant should be aware he will not have an opportunity to file a second motion to modify or vacate his sentence except in unusual circumstances and

3

then only after he has received permission from the Court of Appeals for the Seventh Circuit to file a second postconviction motion.  28 U.S.C. § 2255(h).  Any successive petitions he files in this court under § 2255 without a showing that he has received such permission  will be dismissed for lack of jurisdiction.

Moreover, the court will not waste further judicial resources on defendant's mistaken belief that he can circumvent 28 U.S.C. § 2255.  Instead, I will direct the clerk of court to route directly to chambers, without docketing, any further petitions defendant files in his criminal case challenging the validity of his conviction or sentence, whether they are titled petitions for a writ of error coram nobis or something else.  Those non-§ 2255 petitions will be deemed denied without the need for judicial action on the 30th day following receipt, unless the court orders otherwise.

Next, I will consider defendant's "Petition for Writ of Habeas Corpus for Cease and Desist Order," in which he asks the court for an order enjoining Federal Medical Center-Rochester officials from unlawfully withdrawing funds from his inmate account, requiring the funds previously withdrawn to be redeposited and declaring that prison officials violated his rights by coercing him into signing an agreement to allow withdrawal of restitution payments from his prison account.  In particular, defendant argues that this court improperly delegated to the Bureau of Prisons the discretion to set his payment schedule.  In addition, he argues that he was coerced into signing payment schedules under the Inmate Financial

4

Responsibility Program because refusing to sign the schedules would mean the loss of certain privileges.

These arguments concern the execution of defendant's sentence and thus should be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002).  Defendant's petition was docketed in this case rather than opened as a new § 2241 action.  Usually the court will not consider the merits of a § 2241 action until the petitioner has paid the $5 filing fee or obtained leave to proceed in forma pauperis.  However, it would be a waste of judicial and administrative resources to open another case and wait until defendant pays the $5 fee to address his patently frivolous arguments.  Defendant's arguments have been raised in other cases and have been rejected.  When a district court orders immediate payment of restitution, as is the situation in the present case, it is not an impermissible delegation of judicial authority for prison authorities to set the payment schedule.  McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); United States v. Ahmad, 2 F.3d 245, 249 (7th Cir. 1993).  Likewise, the Bureau of Prisons does not unlawfully coerce prisoners into signing payment schedules by giving privileges to those who choose to enter into those agreements.  McGhee, 166 F.3d at 887.  Therefore, defendant's "Petition for Writ of Habeas Corpus for Cease and Desist Order" will be denied.

ORDER

IT IS ORDERED that:

1.  Defendant Frederick George Kriemelmeyer's petition for a writ of error coram nobis, dkt. #134, re-characterized as a motion brought pursuant to 28 U.S.C. § 2255, is DENIED.  Any successive motion under § 2255 that defendant files in this court will be dismissed for lack of jurisdiction, unless it is accompanied by a showing that he has obtained permission from the court of appeals to file a successive motion.

2.  The clerk of court is directed to route directly to chambers without docketing any further petitions defendant files in this case challenging the validity of his conviction or sentence, whether they are titled petitions for a writ of error coram nobis or something else. Any such petition will be deemed denied without the need for judicial action on the 30th day following receipt, unless the court orders otherwise.

3.  Defendant's "Petition for Writ of Habeas Corpus for Cease and Desist Order" (dkt. #138) is DENIED as legally frivolous.

Entered this 9th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge