IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,

    v.

FREDERICK C. KRIEMELMEYER,

                    Defendant.

ORDER

07-cr-52-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On April 9, 2009, I denied defendant's petition for a writ of error coram nobis, re-characterized as a motion brought pursuant to 28 U.S.C. § 2255. On April 29, the Court of Appeals for the Seventh Circuit construed defendant's motion for relief filed in that court as a notice of appeal from my April 9, 2009 order denying his motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255.

       Although defendant has not asked this court to issue a certificate of appealability, such a certificate is required if he is to take an appeal from the denial of his § 2255 motion, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, it is necessary to decide whether a certificate of appealability should issue. In addition, defendant has not paid the $455 filing fee, which makes it necessary to decide whether he is entitled to proceed on appeal <u>in</u>

1

forma pauperis.

According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed."  I do not need to reach the issue of whether defendant is indigent because I am certifying that the appeal is not taken in good faith.  In this case a reasonable person could not suppose that the appeal has some merit, as is required in order for the appeal to be taken in good faith.  As I noted in the order denying defendant's § 2255 motion, defendant has failed to show that his conviction is invalid in any respect and his arguments were legally frivolous.  Therefore, I will deny defendant's request to proceed in forma pauperis on appeal.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding." Walker

v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Defendant's challenge to his sentence does not meet the demanding standard for a certificate of appealability.  There is no support anywhere in the law for defendant's arguments.  Because reasonable jurists would not disagree about this conclusion,  I must deny defendant's request for a certificate of appealability.


ORDER

IT IS ORDERED that defendant Frederick G. Kriemelmeyer's request for leave to proceed in forma pauperis on appeal and his request for a certificate of appealability are DENIED.

Entered this 21st day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3